UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60778-CIV-ALTONAGA/Brown

MACE SECURITY INTERNATIONAL,
INC.,

      Plaintiff,

vs.

ROBERT ODIERNA, *et al.*,

      Defendants.

_____/

CLEARVIEW CCTV, LLC d/b/a IC
REALTIME,

      Counter-Plaintiff,

vs.

MACE SECURITY INTERNATIONAL,
INC., *et al.*,

      Counter-Defendants.

_____/

**ORDER ON MOTION TO REMAND**

**THIS CAUSE** is before the Court on the Defendant/Counter-Plaintiff, Clearview CCTV,

LLC d/b/a IC Realtime ("IC Realtime"), and the Defendants, Robert Odierna ("Odierna"), Matthew

Sailor ("Sailor"), and Le Kang's ("Kang['s]") Motion to Remand [D.E. 7], filed on June 13, 2008.

The Court has carefully reviewed the parties' written submissions and applicable law.

**I. BACKGROUND**

**A.    Facts Surrounding Original Claim**

Plaintiff, Mace Security International, Inc. ("Mace"), is a public manufacturing company

Case No. 08-60778-CIV-ALTONAGA/Brown

incorporated in Delaware. (*See* Notice of Removal, Am. Compl. [D.E. 1-2] at ¶ 2). Through its subsidiaries, Mace manufactures and sells surveillance products and components primarily to installing dealers, system integrators, and end users. (*See id.* at ¶ 10). Mace also owns the highly recognized name, "Mace," and manufactures and markets high quality security products including personal defense sprays and surveillance equipment. (*See id.* at ¶ 13). Mace's staff of engineers develops its products through domestic and foreign vendors and manufacturers while a network of distributors sells the products. (*See id.* at ¶ 11).

On January 1, 2003, Mace hired Kang as an engineer. (*See id.* at ¶ 16). As an engineer, Kang was familiar with Mace's product development, product acquisition and vendors. (*See id.*). On September 30, 2005, Kang formally left his employment with Mace. (*See id.* at ¶ 31).

On September 19, 2003, Mace hired Sailor as a sales manager. (*See id.* at ¶ 15). As sales manager, Sailor was responsible for various day-to-day operations of Mace, such as interacting with potential buyers of Mace products and handling customer, vendor, and other contacts with buyers and vendors of Mace products. (*See id.* at ¶ 20). Sailor became familiar with the means and methods of product marketing and distribution. (*See id.* at ¶ 15). On August 19, 2005, Sailor left his employment with Mace. (*See id.* at ¶ 30).

IC Realtime is a limited liability company that provides security solutions to its clients. (*See* Notice of Removal, Ex. 2, IC Realtime LLC's Counterclaim ("Counterclaim") at ¶ 8). Currently, Sailor is a manager at IC Realtime. (*See* Am. Compl. at ¶ 4). Odierna is also a manager at IC Realtime and the president of Go Wireless Security, Inc. ("Go Wireless"), a Florida corporation that was formerly a customer of Mace. (*See id.* at ¶ 3).

2

Case No. 08-60778-CIV-ALTONAGA/Brown

Mace contends that Sailor and Kang, while employed by Mace, entered into business with Odierna and embarked upon a course of conduct to compete with Mace by using Mace's trade secrets, confidential information, and property. (*See id.* at ¶¶ 21-22). Specifically, Mace alleges, *inter alia*, that Sailor and Kang appropriated and used confidential information regarding the identity of Mace's customers, products, methods, and techniques to compete with Mace. (*See id.* at ¶ 33). Additionally, Mace claims that Kang, while employed at Mace, began working with a vendor in China to develop a digital video surveillance product to compete with Mace when he should have been working on the development of Mace's digital video surveillance products. (*See id.* at ¶¶ 25, 26, 28). Furthermore, at about the same time that Sailor and Kang disassociated themselves with Mace, Go Wireless also severed its relationship with Mace. (*See id.* at ¶ 32). Mace contends Go Wireless no longer needed to conduct business with Mace because it had established a relationship with IC Realtime. (*See id.*).

**B.     ISC West Events**

The International Conference and Exposition West ("ISC West"), a major annual convention in the security industry, was held this year from April 2 to April 4, 2008, at the Sands Expo Center in Las Vegas, Nevada. (*See* Counterclaim at ¶ 10). IC Realtime contends that Michael Marcoe ("Marcoe"), one of Mace's employees, changed IC Realtime's password and administrative rights on its computer system at the ISC West, which prohibited anyone from using the playback and configuration features of the computer system and prevented administrative changes to the computer system. (*See id.* at ¶ 13). IC Realtime asserts it was unable to perform a large portion of its normal functions at the conference and suffered substantial loss of business revenue. (*See id.* at ¶ 14). IC

3

Case No. 08-60778-CIV-ALTONAGA/Brown

Realtime reviewed the available camera footage and found that Marcoe committed the acts described in front of multiple witnesses. (*See id.* at ¶ 15). Marcoe allegedly admitted he had done so. (*See id.*).

### C.    Procedural Background

On March 6, 2007, Mace filed suit in the 17th Judicial Circuit, in and for Broward County, Florida. (*See* Notice of Removal, Ex.1 [D.E. 1], Compl.). Mace sued Defendants for alleged misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, codified at Florida Statute § 688.01, *et seq.* (2006) (Count I), common law breach of fiduciary duty against Sailor and Kang (Count II), and common law unjust enrichment against IC Realtime (Count III). On November 29, 2007, Mace served an Amended Complaint to add an allegation of common law interference with contract against Sailor and Kang (Count IV). (*See* Am. Compl. at ¶¶ 55-61).

On April 29, 2008, IC Realtime filed a pleading which it entitled a counterclaim against Mace and Marcoe, alleging Marcoe sabotaged IC Realtime's computer equipment out of spite given the pre-existing litigation between Mace and IC Realtime. (*See* Counterclaim at ¶ 14). IC Realtime sued Mace and Marcoe for violation of Nevada Statute § 205.4765, Unlawful Acts Regarding Computers (Count I) and for violation of the Computer Fraud and Abuse Act as codified in 18 U.S.C. § 1030 (Count II). IC Realtime also included state law claims against Mace for respondeat superior (Count III) and negligent supervision (Count IV).

On May 22, 2008, Mace and Marcoe filed a Notice of Removal [D.E. 1] pursuant to 28 U.S.C. §§ 1331, 1441(c) and 1446.

4

## II. LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a case removed from state court should be remanded if it appears it was removed improvidently.  The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court.  *See McNutt v. Gen. Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 & n.8 (11th Cir. 2006) (removing party bears burden of establishing federal jurisdiction under Class Action Fairness Act).  Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III. ANALYSIS

### A.    Marcoe's Authorization to Remove

IC Realtime challenges Marcoe's[1] ability to remove the case under 28 U.S.C. § 1441(c), one of the asserted bases for removal.  Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

Section 1441(a) permits any defendant in a civil action to remove a case pursuant to subsection (c)

---

[1] Mace concedes it cannot remove under 28 U.S.C. § 1441(c).  (*See* Opposition to Motion ("Opp'n") [D.E. 13] at 2).

5

Case No. 08-60778-CIV-ALTONAGA/Brown

within 30 days of service. *See Bailey v. Janssen Pharmaceutica, Inc.*, 2008 WL 2894742 (11th Cir.

July 29, 2008) (adopting the last-served defendant rule, which permits a later-served defendant to

remove even where earlier-served defendants waived their right to seek timely removal).   IC

Realtime argues that Marcoe is not a "defendant" within the meaning of the general removal statute,

but rather a counter-defendant and therefore barred from removing this action to federal court. (*See*

Mot. at ¶ 9). Marcoe asserts he is instead a third-party defendant, permitted to remove a case under

federal law. (*See* Opp'n at ¶¶ 5-6).

The Court first addresses whether Marcoe is a counter-defendant or a third-party defendant.

A counterclaim is any suit brought by a defendant against the plaintiff, including claims properly

joined against the plaintiff. *See* Fed. R. Civ. P. 13(a)-(c). Moreover, a defendant may join additional

parties to a counterclaim as counter-defendants even though they are not original plaintiffs. *See* Fed.

R. Civ. P. 13(h); *North Star Capital Acquisitions, LLC v. Krig*, 2007 WL 3522425, at *1 (M.D. Fla.

2007) (finding new parties added as defendants to counterclaim are properly designated counter-

defendants pursuant to Rule 13(h)); *see also Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489,

1491 (N.D. Ill. 1990) (holding removing parties were counter-defendants rather than third-party

defendants because defendants/counter-plaintiffs did not seek to hold any of the alleged counter-

defendants responsible for any liability defendants may have owed to plaintiff).  Conversely, Rule

14, Federal Rules of Civil Procedure, governs third-party practice and provides that a third-party

defendant is one "who is or may be liable to [a defending party] for all or part of the claim against

[the defending party]." Fed. R. Civ. P. 14(a)(1).

An analysis of the claims raised by IC Realtime leads the Court to the conclusion that Marcoe

Case No. 08-60778-CIV-ALTONAGA/Brown

is appropriately designated as a counter-defendant. IC Realtime does not allege that Marcoe is in any way liable for Mace's claims against IC Realtime. Therefore, under the plain language of Rule 14, Marcoe cannot be termed a third-party defendant. Rather, IC Realtime seeks joint liability against Mace and Marcoe for Marcoe's alleged tampering with IC Realtime's computer system. Its claims are against Plaintiff and one of Plaintiff's employees based on allegations unrelated to IC Realtime's liability to Mace. IC Realtime's pleading is therefore best termed a counterclaim and Marcoe considered a counter-defendant pursuant to Rule 13(h).

The Court next considers whether a counter-defendant is a "defendant" permitted to remove an action to federal court pursuant to section 1441, an issue not yet addressed by the Eleventh Circuit. The Fifth Circuit, however, has addressed the issue, and its analysis in *State of Texas v. Walker*, 142 F.3d 813 (5th Cir. 1998), is instructive. *Walker* relied upon the court's holding in *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, which permits removal by third-party defendants where the third-party complaint involves separate and independent federal claims. 622 F.2d 133, 136 (5th Cir. 1980). *Walker* extended the holding of *Carl Heck* to permit counter-defendants, who were not original plaintiffs, to remove an appropriate action to federal court. *See Walker*, 142 F.3d at 816. The court in *Walker* held that because the counter-defendant was not one of the original state court plaintiffs, removal would not violate the "well-pleaded complaint rule."[2] *See id.* Furthermore, the counter-defendant was not an original plaintiff who voluntarily chose to

---

[2] "The 'well-pleaded complaint' rule bases removal on the existence of a claim alleging a basis for federal jurisdiction on the face of a plaintiff's complaint." *North Star*, 2007 WL 3522425, at *2 (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002)). The holding in *Holmes* suggests an original plaintiff/counter-defendant cannot remove pursuant to section 1441(c), but this does not appear to apply to newly joined counter-defendants. *See id.*

Case No. 08-60778-CIV-ALTONAGA/Brown

bring suit in state court and thus should be viewed differently than the counter-defendant who, as an original plaintiff, chose the forum. *See id.*

The Court is bound by the holding in *Carl Heck* addressing third-party defendants,[3] and although *Walker* is not binding, the *Walker* court's extension of *Carl Heck* to counter-defendants who are not original plaintiff is persuasive. *See North Star Capital Acquisitions, LLC v. Krig*, 2007 WL 3522425, at *1 (M.D. Fla. 2007). Thus, as a newly joined counter-defendant, Marcoe did not partake in the decision to bring the suit in state court and should not be denied the opportunity to remove a case to federal court under appropriate circumstances. The next issue to consider, then, is whether this is one of those appropriate circumstances.

### B.    Separate and Independent Claim

To successfully remove this case to federal court, Marcoe must also show that the federal counterclaim filed against him by IC Realtime is separate and independent from the nonremovable state law causes of action in the Amended Complaint. *See* 28 U.S.C. § 1441(c); *North Star*, 2007 WL 3522425, at *3. IC Realtime contends that Marcoe's acts in sabotaging the computer equipment were committed out of animosity toward IC Realtime and were the culmination of events that began with the lawsuit between Mace and IC Realtime. IC Realtime thus argues that the allegations in the Counterclaim are not separate and independent causes of action. IC Realtime's arguments fail to persuade.

A review of  the Counterclaim reveals it involves distinct wrongs that could have been

---

[3]  Decisions of the United States Fifth Circuit Court of Appeals before October 1, 1980, which have not been overruled by the United States Eleventh Circuit Court of Appeals, are binding on federal courts in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No. 08-60778-CIV-ALTONAGA/Brown

properly brought in federal court independent of the claims alleged in the Amended Complaint and that the outcome of the federal claim is not contingent on the outcome of Mace's state law claims. *See North Star*, 2007 WL 3522425, at \*4. The claims clearly involve two distinct wrongs: Mace's original state law claims against IC Realtime seek liability for actions allegedly committed by two of its former employees and a former client in their development of a similar company. In contrast, IC Realtime's federal claim concerns actions allegedly committed by a Mace employee at an event that occurred more than one year after the commencement of the original lawsuit. On the one hand, Mace seeks redress from the original Defendants for their use of confidential information and knowledge gained while working with Mace to establish a rival company. IC Realtime, on the other hand, seeks liability against the Counter-Defendants for unauthorized tampering with its computer system during a separate and distinct event.

Further, the success of one claim does not rest upon the outcome of the other. *See Hayduk v. Un. Parcel Serv., Inc.*, 930 F. Supp. 584, 595 (S.D. Fla. 1996) (that one claimant can be successful without the other is the essence of a separate and independent claim). Mace and Marcoe can be held liable for tampering with IC Realtime's computer system without IC Realtime being liable for the state law claims, and vice-versa. Consequently, removal may be appropriate because the removing Counter-Defendant, Marcoe, is not an original plaintiff, and the federal Counterclaim is sufficiently separate and independent from Plaintiff's original claims. *See North Star*, 2007 WL 3522425, at \*4.

### C.   State Law Claims vs. Federal Claim

The inquiry does not end there, however. Upon concluding that Marcoe is authorized to remove this case pursuant to 28 U.S.C. §1441(c), the Court may, in its discretion, remand the entire

9

Case No. 08-60778-CIV-ALTONAGA/Brown

case or only those matters in which state law predominates. *See Hayduk*, 930 F. Supp. at 599-600; *Moralez v. Meat Cutters Local 539*, 778 F. Supp. 368, 371 (E.D. Mich. 1991). The nature of the claims must be examined to determine "'whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal claims.'" *Hayduk*, 930 F. Supp. at 599-600 (quoting *In re City of Mobile*, 75 F.3d 605, 613 (11th Cir. 1996)).

The present case presents only one federal claim compared to seven state law claims. Admittedly, the fact that the federal claim is outnumbered is not sufficient to declare that state law predominates. *See Hayduk*, 930 F. Supp. at 600. The undersigned must still determine whether the majority of the claims, proofs, witnesses, and possible legal issues stem from the state law causes of action. *See id*. Here, the majority of the possible legal issues and judicial resources stem from the state law causes of action. As of now, the parties have spent fifteen months and countless judicial resources focusing solely on the state law claims.

Although state law is predominant in the case as a whole, the Court must also determine whether the removable federal claim, as a separate and independent claim, is predominated by state law. *See id*. The Court must assess whether the federal claim requires substantial interpretations of federal law and a significant amount of judicial resources to prove. *See id*. In this instance, the federal claim does not require significant resources, especially if, as IC Realtime alleges, a videotape of Marcoe's actions and a confession to the alleged misdeeds exist. The undersigned further notes that three state law claims, for violation of a state statute regarding unlawful acts with computers, respondeat superior, and negligent supervision, are intertwined with the single federal claim and will

10

Case No. 08-60778-CIV-ALTONAGA/Brown

likely predominate over the necessary proofs and legal analysis in the Counterclaim. Consequently,

the Court is of the opinion that all matters should be remanded to state court.

### IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Counter-Plaintiff's Motion to Remand **[D.E. 7]** is

**GRANTED**.  This matter is remanded to the Seventeenth Judicial Circuit, in and for Broward

County, Florida.  The Clerk of Court is directed to mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 14th day of August, 2008.

*Cecilia M. Altonaga*

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

11